GEORGE H. CHAMBERLAIN vs. OTIS C. WOOD AND LUMBER.
S. ED. TRUE vs. SAME.
WILLIAM L. MERRILL vs. SAME.
SILAS F. HUFF vs. SAME.
·SIMON R. GRIFFIN vs. SAME.
JOHN McKAY vs. SAME.
EDWARD TUCKER vs. SAME.

Piscataquis.    Opinion March 11, 1905.

*Lien on Spool Timber.    Place of Destination.    R. S., c. 93, § 53.*

Chapter 93, section 53, R. S., gives a lien for certain services upon spool timber and spool bars manufactured therefrom which continues for sixty days after such timber or spool bars arrive at the place of destination for sale or manufacture.

*Held:* that in the case of spool bars, the place of destination for sale or manufacture, is the place where such spool bars are actually intended to be sold or manufactured into spools.

On exceptions by defendant.  Overruled.

The case is sufficiently stated in the opinion.

*C. W. Hayes,* for plaintiffs.

*M. L. Durgin,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

POWERS, J.    Actions of assumpsit brought by the several plaintiffs against Otis C. Wood, to enforce a lien for the several amounts due them for their personal services and the services of their teams, performed under contract with the defendant upon certain spool timber and spool bars manufactured therefrom and attached upon the writs.    Wood was engaged in carrying out two contracts, entered into by him with the American Thread Company to furnish and deliver at the Company's mills in Lake View and Milo a certain quantity of spool bars, for which payment was to be made as follows:

three-fourths of the contract price as the wood was delivered at Lake View and Milo and the balance as soon as the wood was all delivered. At these places the American Thread Company operated mills for the manufacture of the spool bars into spools. Defendant hauled the timber to his mill in Elliotville where it was sawed into spool bars, which were in part hauled thence to the Canadian Pacific Railway, loaded on the cars and shipped to Milo and Lake View, and the remaining spool bars, intended for like shipment, were still at the defendant's mill in Elliotville when they were attached upon the writs in these actions. It is admitted that the attachments were more than sixty days after the timber was sawed and piled at the mill in Elliotville. Plaintiffs' personal services were performed in cutting the white birch from which the bars were sawed, in cooking for the persons who labored upon said white birch and in sawing said white birch into spool bars; and the personal services of the plaintiffs and the services of their teams were performed in hauling said white birch to the mill where it was sawed into spool bars and from the mill to the cars upon which said spool bars were loaded.

Plaintiffs claimed that the place of destination for sale or manufacture was at Milo and Lake View; the defendant contended that it was at his mill in Elliotville where the timber was sawed into spool bars. The cases were tried before the presiding Justice, with the right of exception, who found that the plaintiffs were entitled to a lien upon said spool bars, and ruled that the place of destination for sale and manufacture was Milo and Lake View; and gave judgment for the plaintiffs in each action. The only exception taken by the defendant is to the ruling as matter of law as to the place of destination for sale or manufacture.

The statute under which the lien is claimed is as follows: "Whoever labors at cutting, hauling or sawing of spool timber or in the manufacture of spool timber into spool bars and the piling of such bars or at cooking for persons engaged in such labor, has a lien thereon for the amount due for his personal services and the services performed by his team, which takes precedence of all other claims, continues for sixty days after such timber or spool bars arrive at the place of destination for sale or manufacture, and may be enforced by

attachment." R. S., chapter 93, section 53. There can be no question upon the foregoing facts that as a matter of fact the place of destination for sale of the spool bars was at Milo and Lake View. There the defendant's contract bound him to deliver the spool bars. Upon delivery there payment was to be made. Until delivery there the title and possession remained in the defendant; for where the vendor binds himself to deliver goods at a distant place delivery to a common carrier is not delivery to the vendee but the carrier remains the agent of the vendor. Milo and Lake View were likewise in fact the place of destination for manufacture of the spool bars; for there the American Thread Company operated mills for the purpose of manufacturing them into spools. The question of law therefore presented by the exceptions is, whether the "place of destination for sale or manufacture" named in the statute is the place at which the spool bars are in fact intended to be sold or manufactured into spools. We think it is. We think if the legislature had intended some other place than that in which the spool bars were in fact intended to be sold or manufactured it would have said so, and used some other language than that which in the statute so clearly describes such place of destination.

We do not overlook the fact that the statute speaks of labor "in the manufacture of spool timber into spool bars," and that the spool timber in this case was actually manufactured into spool bars at the defendant's mill in Elliotville. The laborer has "a lien thereon for the amount due him for his personal services and the services performed by his teams." A lien on what? Not on the timber alone, for then the laborer who manufactured the timber into spool bars would divest himself of his lien by performing the services for which the lien is given. Plainly the word "thereon" embraces both the spool timber and the spool bars before named in the section. It is unnecessary to consider whether in some cases the timber and the spool bars may have different places of destination for sale or manufacture. The lien is given upon both for all the different kinds of services enumerated, and continues for sixty days after either the timber or the bars arrive at the place of destination for either sale or manufacture. Wood's contract was for spool bars. Spool bars were

attached upon the writ and the place of destination for sale or for manufacture of such spool bars within the statute, was the place where they were actually intended to be sold or manufactured into spools in Milo and Lake View, not the defendant's mill in Elliotville where they were never manufactured or intended for manufacture into spools, where they never "arrived" in the form of spool bars but there first came into existence as such, and where the timber may have arrived more than sixty days before a single spool bar was sawed from it.

*Exceptions overruled.*